**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4432**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CHRISTOPHER MICHAEL ATHEY,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas David Schroeder, District Judge. (1:10-cr-00325-TDS-1)

───────────

Submitted: October 18, 2011      Decided: October 20, 2011

───────────

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Michael Athey pled guilty, pursuant to a written plea agreement, to using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(1)(A)(ii), (B)(ii) (2006), and was sentenced to 327 months imprisonment. Athey's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence imposed was reasonable. Although informed of his right to file a supplemental pro se brief, Athey has not done so. For the reasons that follow, we affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, this court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). We also must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it

2

chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). In this case, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel and allocution from Athey. The court considered the relevant § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of the nature and circumstances of the offense. Further, Athey offers no grounds to rebut the presumption on appeal that his within-Guidelines sentence of 327 months imprisonment is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Athey.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Athey, in writing, of the right to petition the Supreme Court of the United States for further review. If Athey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Athey. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED